Filed 3/30/16  P. v. Ward CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL WAYNE WARD,<br><br>    Defendant and Appellant. | H041827<br>(Santa Clara County<br> Super. Ct. No. CC617275) |

Defendant Michael Wayne Ward appeals from an order denying his petition for resentencing under Penal Code section 1170.126, a provision added by Proposition 36, the Three Strikes Reform Act (Reform Act), in November 2012.[1]  Defendant challenges the court's finding that he was ineligible for resentencing because he was armed with a firearm during the commission of the third-strike offense for which he sought reduction of his sentence.  He specifically contends:  (1) The record of his conviction for that offense contains insufficient evidence that he was "armed with a firearm"; (2) The prosecution did not plead and prove the fact of arming in the trial leading to his conviction; (3) The court engaged in improper judicial fact finding, in violation of his rights to due process and trial by a jury; and (4) Exclusion of his weapon offense from resentencing eligibility was improper without a separate "tethering" felony in which he was armed.  We find no error and therefore must affirm the order.

---

[1] All further statutory references are to the Penal Code except as otherwise specified.

*Background*

In January 2007 a jury found defendant guilty of the following felonies: possession of a firearm by a person convicted of a violent felony (former § 12021.1, subdivision (a)); possession of ammunition by a person prohibited from possessing a firearm (former § 12316, subd. (b)); and possession of marijuana for sale (Health & Saf. Code, § 11359). In a bifurcated trial, the court found true the allegations that he had suffered three prior strike convictions (§ 667, subds. (b)-(i)) and that he had served two prior prison terms within the meaning of section 667.5, subd. (b)). On August 31, 2007, the court sentenced defendant to prison for 52 years to life.

Defendant's offenses arose from a police search of a San Jose motel room occupied by defendant. Inside a duffel bag found in a closet, Officer Mario Brasil discovered a digital scale, approximately 35 small plastic baggies of a type commonly used to package controlled substances, a radio scanner, a ski mask, and two pieces of paper with defendant's name on them. Officer Stephen Corbin also found part of a plastic baggie in the toilet. Upon searching a black plastic garbage bag that defendant had been carrying when the officers saw him outside the motel room, Officer Brasil found 86 rounds of .22-caliber ammunition inside a wet sock.

Inside a vent above the shower in the bathroom, Officer Corbin found a black plastic bag containing approximately seven grams of marijuana. When he pulled the bag through the vent, he spotted a .22-caliber semi-automatic handgun with two rounds of ammunition in the magazine.

At trial, Officer Brasil opined that the quantity of marijuana found was possessed for sale based on the quantity found and the presence of the scale, the baggies, the scanner, and the cell phone. Altogether there was a sufficient quantity of marijuana and drug paraphernalia in the motel room to convince the jury that the marijuana was possessed for sale. This court affirmed defendant's conviction on February 6, 2009. *People v. Ward* (Feb. 6, 2009, H032038) [nonpub. opn.] (H032038).

2

On January 17, 2013, following the passage of Proposition 36 in the November 2012 election, defendant filed a petition requesting a finding that he was eligible for resentencing pursuant to section 1170.126.  The People opposed the petition, asserting that an exception to resentencing eligibility applied here under section 1170.126, subdivision (e)(2) and section 1170.12, subdivision (c)(2)(C)(iii), because defendant was armed during the section 12021.1 offense, possession of a firearm.

The superior court initially found defendant eligible, reasoning, "A conviction for violation of § 12021 does not, in and of itself, establish that a petitioner was 'armed during the commission' of an offense.  The arming circumstance or allegation will disqualify a petitioner from resentencing under § 1170.126(e) only if it has been plead[ed] and prove[d] and is thus reflected in the record of conviction."  Accordingly, the court directed resentencing of petitioner "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

On July 31, 2013, defendant asked the court to take the matter off calendar.  Over the People's objection, the court deemed the request a motion to withdraw the petition and granted it.  But on October 28, 2014, defendant filed another section 1170.126 petition.  This time the superior court, recognizing a large body of law that had developed since the earlier petition, found defendant ineligible and denied the petition.

*Discussion*

1.  *Eligibility for Resentencing under section 1170.126*

Subdivision (e) of section 1170.126 provides that an inmate is "eligible for resentencing" if (1) he or she is "serving an indeterminate term of life imprisonment" imposed under the Three Strikes law "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies" and (2) his or her current and prior convictions are not for certain designated offenses.  (§ 1170.126, subd. (e)(1); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600.)  (2) Among those offenses are those appearing in clauses

3

(i) through (iii) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.  The inmate must also have "no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e).)  At issue here is the exception for eligibility which applies if the defendant was "armed with a firearm or deadly weapon" "[d]uring the commission of the current offense."  (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

2. *Sufficiency of the Evidence of Arming During Drug Possession*

Defendant first argues that the record establishes only *possession* of a weapon, but does not support the conclusion that he was *armed* with a firearm within the meaning of the statutory exception to resentencing eligibility.  (§§ 1170.126, subd. (e)(2); 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).).  We disagree.

"[A]*rming* . . . does not require that a defendant utilize a firearm or even carry one on the body.  A defendant is *armed* if the defendant has the specified weapon available for use, either offensively or defensively. . . .  '[I]t is the availability—the ready access— of the weapon that constitutes arming.'  [Citation.]" (*People v. Bland* (1995) 10 Cal.4th 991, 997 (*Bland*).)  In *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032, the court explained:  "[U]nlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added).  'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.'  [Citation.]  In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one.  The two are not the same. . . .  Since the Act uses the phrase '[d]uring the commission of the current offense,' and not in the

4

commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the [Reform] Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Ibid*.; accord, *People v. Brimmer* (2014) 230 Cal.App.4th 782, 798-799 (*Brimmer*); see, e.g., *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1054 (*Blakely*) [while inmate's possession conviction alone insufficient for ineligibility finding under section 1170.126, resentencing foreclosed upon finding, based on the record of conviction, that the weapon was available for use during commission of the possession offense].)

The Second Appellate District, Division Three recently held that in determining a defendant's ineligibility for resentencing under section 1170.126 the appropriate standard of proof is beyond a reasonable doubt. (*People v. Arevalo* (2016) 244 Cal.App.4th 836, 852-853.) "Under a lesser standard of proof, nothing would prevent the trial court from disqualifying a defendant from resentencing eligibility consideration by completely revisiting an earlier trial, and turning acquittals and not-true enhancement findings into their opposites." (*Id*. at p. 853.) Defendant contends that under this standard, there was insufficient proof that he was armed with a firearm while possessing the drugs, ammunition, and weapon.

In support of this position defendant points to the testimony of Stephen Corbin, the police officer who recovered the gun from the vent above the shower. Officer Corbin retrieved the gun by entering the attic through a crawl space in a closet. When asked whether the opening in the vent slat above him was wide enough to have allowed him to pull the gun out, the officer said, "I believe it was. I never tried that." He did not attempt to pull the gun through, he explained, because the gun might have discharged and to bring it down safely, he would have had to remove the entire vent, damaging it in the process. In defendant's view, the evidence permits only speculation, not a finding

5

beyond a reasonable doubt, that he had ready access to the gun during the possession offenses.

The trial court had no difficulty concluding that defendant was armed during the commission of his 2007 crimes. It found that "[o]n these facts, there is no question that Defendant was 'armed' [with] the firearm during the commission of the possession for sales of marijuana." The court compared this case to that of *Bland*, *supra*, 10 Cal.4th at p. 997, where the Supreme Court stated that a defendant is "armed with a firearm" if "at any time during the commission of the felony drug possession, the defendant can resort to a firearm to further that offense." (*Id.* at p. 999.) In the trial court's view, "[t]he record here clearly establishes that, at some point during the felony possession, Defendant could 'resort to [the] firearm to further that offense' and thus was armed during the commission of that offense."

Whether the trial court made this finding "beyond a reasonable doubt" or by a preponderance of the evidence makes no difference to the outcome of this appeal. We agree with the court that the location of the firearm in the vent above the shower does not preclude a finding—even under a beyond a reasonable doubt standard—that defendant was armed with a firearm during the commission of his drug and weapon-related offenses. The fact that the officer retrieved the gun by climbing through a crawl space in the attic does not mean that it was inaccessible and unavailable for defendant's use at some point during his possession. The marijuana was found in the same place as the gun, the gun was loaded, and the ammunition was nearby in the motel room itself, which had been rented to defendant and another individual.[2] In the closet was a black duffel bag with indicia of drug sales, a scanner, and a digital scale. Possession being a continuing

---

[2] Initially defendant had rented room 29. A notation on the registration card indicated that the occupants had moved to room 28, where the evidence was found. Both rooms had access to the bathroom.

offense, a fair inference from the location of all the evidence seized in the search is that defendant had ready access to the weapon at some time during the commission of his crimes.  (Cf. *People v. Searle* (1989) 213 Cal.App.3d 1091, 1099 [gun in unlocked compartment in the back of the car was "available for use" during sale of drugs from car], cited with approval in *Bland*, *supra*,10 Cal.4th at p. 997; cf. *People v. Delgadillo* (2005) 132 Cal.App.4th 1570, 1575 [firearms were available for use in continuing crime of methamphetamine manufacturing despite their being in different locations from manufacturing ingredients and equipment].)  Thus, substantial evidence in the record of conviction, including the officers' trial testimony as well as this court's opinion in H032038 (see *Brimmer*, *supra*, 230 Cal.App.4th at p. 800 [prior unpublished appellate opinion sufficient evidence of record of conviction],) supports the superior court's finding that defendant was "armed with a firearm" at some point during the commission of the possession offenses.

3.  *Pleading and Proof Requirement*

Defendant observes that his "current offenses, possession of marijuana for sale, felon in possession of a firearm and [possession of] ammunition, are not strikes, and plainly can be committed without being armed with a firearm."  In his view, these offenses therefore cannot be considered strikes and qualify for resentencing under the Reform Act unless the prosecution has pleaded and proved one of the disqualifying factors listed in section1170.12, subd. (c)(2)(C)(iii).  Defendant acknowledges that this argument has not been successful in the appellate courts of this state, including this one. The defendant in *People v. Chubbuck* (2014) 231 Cal.App.4th 737 (*Chubbuck*) likewise argued that " 'a fair reading' " of the Reform Act " 'compels a conclusion' that the pleading and proof language of section 1170.12, subdivision (c)(2)(C) applies to the disqualifying factors referenced in section 1170.126, subdivision (e)(2)." (*Chubbuck*, *supra*, at p. 746.)  In other words, because the Reform Act expressly requires the prosecution to plead and prove the disqualifying factors at the initial sentencing of a

7

potential third strike defendant, the prosecution must also plead and prove the disqualifying factors for anyone seeking resentencing under the Reform Act.

This court expressly rejected Chubbuck's argument, pointing out that the Reform Act "explicitly distinguishes between the procedures applicable to resentencing and the procedures applicable prospectively, to defendants who are being sentenced for a new offense." (*Chubbuck*, *supra*, 231 Cal.App.4th at p. 746.) We further noted, "Several published cases have held that the Reform Act does not contain a pleading and proof requirement with respect to factors that disqualify defendants from resentencing, including *People v. White* (2014) 223 Cal.App.4th 512 (*White* ) (Ct. App., Fourth Dist., Div. One), *People v. Osuna* (2014) 225 Cal.App.4th 1020 (*Osuna*) (Ct. App., Fifth Dist.), *People v. Blakely* (2014) 225 Cal.App.4th 1042 (Ct. App., Fifth Dist.), *People v. Elder* (2014) 227 Cal.App.4th 1308 (Ct. App., Third Dist.), and *People v. Brimmer* (2014) 230 Cal.App.4th 782 (Ct. App., Fourth Dist., Div. Two). We agree with the analysis in these cases." (*Id.* at p. 745.) We continue to follow the reasoning and holdings of those cases and therefore reject defendant's claim.

Nor can we agree with defendant's suggestion that the court engaged in improper judicial fact finding, contrary to *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), *Shepard v. United States* (2005) 544 U.S. 13, and *Descamps v. United States* (2013) 570 U.S. ___, 133 S.Ct. 2276. As several courts in this state have concluded, "[*Apprendi*] and its progeny do not apply to a determination of eligibility for resentencing under section 1170.126." (*People v. Johnson* (2016) 244 Cal.App.4th 384, 390, fn. 6; *Osuna*, *supra*, 225 Cal.App.4th at pp. 1039-1040; see also *People v. Berry* (2015) 235 Cal.App.4th 1417, 1428 [finding of ineligibility for resentencing does not expose defendant to any potential increase in his sentence]; *Blakely*, *supra*, 225 Cal.App.4th at p. 1060, quoting *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1304-1305 ["[U.S. Supreme Court] opinions regarding a defendant's Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt do not apply to limits on

8

downward sentence modifications due to intervening law" such as proceedings to determine whether the petitioner satisfies the criteria in section 1170.126, subdivision (e)]; cf. *Dillon v. United States* (2010) 560 U.S. 817, 828-829 [no Sixth Amendment right to jury in downward sentence modification proceeding].)[3] Defendant's eligibility determination does not implicate the holding of *Apprendi*.

We must also reject defendant's argument that "the rule of lenity" compels an application of section 1170.12(c)(2)(C) to eligibility determinations under section 1170.126, subdivision (e)(2). In *Chubbuck*, *supra*, 231 Cal.App.4th at p. 747, we found "no ambiguity as to whether section 1170.126, subdivision (e)(2) incorporates the pleading and proof requirements of section 1170.12, subdivision (c)(2)(C)." We pointed out that "the rule of lenity 'applies " 'only if the court can do no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule.' " [Citation.]' " (*Id.* at p. 748.) We adhere to this reasoning in the present case.

4. *Tethering Requirement*

Defendant's last contention is directed at the firearm and ammunition offenses. He maintains that he should not have been found ineligible for resentencing because ineligibility based on arming may be found "only where there is a separate, 'tethering' felony in which the defendant is armed with a firearm." This contention has been rejected multiple times by our colleagues in other districts. (See, e.g., *Osuna*, *supra*, 225 Cal.App.4th 1020; *Brimmer*, *supra*, 230 Cal.App.4th 782.) Distinguishing the same statutes defendant compares to section 1170.12, subdivision (c)(2)(C)(iii), the *Osuna*

---

[3] *People v. Wilson* (2013) 219 Cal.App.4th 500 also does not help defendant. In *Wilson*, this court held that a trial court's resolution of a factual issue, whether the offense involved personal infliction of great bodily injury, violated the defendant's Sixth Amendment rights under *Apprendi*. In that situation, however, the trial court's finding was used to *increase* the defendant's sentence

9

court observed, "[U]nlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the [Reform] Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added). 'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.' [Citation.] In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one. The two are not the same. . . . Since the Act uses the phrase '[d]uring the commission of the current offense,' and not in the commission of the current offense (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude [that] the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Osuna*, *supra*, at p. 1032; accord, *People v. Hicks* (2014) 231 Cal.App.4th 275, 283-284; *Brimmer*, *supra*, at pp. 798-799.) We find no fault with the analysis in *Osuna* and therefore conclude that the Reform Act does not mandate exclusion from resentencing only where there is a separate tethering felony in which the defendant is armed with a deadly weapon.

*Disposition*

The order is affirmed.

10

_____

                              ELIA, ACTING P.J.


WE CONCUR:




_____

BAMATTRE-MANOUKIAN, J.




_____

MIHARA, J.




*The People v. Ward*
H041827