Filed 6/27/16  P.v. Edwards CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VINCENSON DESMOND EDWARDS,<br><br>Defendant and Appellant. | B268087<br><br>(Los Angeles County<br>Super. Ct. No. NA028053) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant, Vincenson Desmond Edwards, appeals from an order denying his Penal Code[1] section 1170.18, subdivision (a) resentencing petition. We affirm the order.

On August 3, 1998, defendant was convicted of firearm possession by a felon with a prior felony conviction. (Former § 12021, subd. (a)(1), see now § 29800, subd. (a)(1).) Defendant was also convicted of felony evading an officer with willful disregard. (Former Veh. Code, § 2800.2, Stats. 1988, ch. 504, § 3, p. 1919). Defendant committed the crimes on May 2, 1996. On January 13, 1999, the trial court sentenced defendant to 53 years to life in state prison. (§§ 667, subds. (b)-(i), 667.5, 1170.12.) We modified the judgment and affirmed. (*People v. Edwards* (Jun. 6, 2000, B129484) [nonpub. opn.].)

On July 14, 2014, defendant filed a section 1170.126, subdivision (a) resentencing petition. The trial court denied the resentencing petition. The trial court found defendant had a prior attempted murder conviction, therefore he was ineligible for resentencing. (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV), 1170.126, subd. (e)(3).) We affirmed the order on appeal. (*People v. Edwards* (Jan. 12, 2015, B258918) [nonpub. opn.].)

On September 25, 2015, defendant filed the present section 1170.18, subdivision (a) resentencing petition. On October 14, 2015, the trial court denied the petition. The court found defendant's felon in possession and evading convictions did not qualify under section 1170.18, subdivisions (a) or (f). Defendant appeals from the denial order.

We appointed counsel to represent defendant on appeal. After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested that this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On March 11, 2016, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wished us to consider.

---

[1] Further statutory references are to the Penal Code except where otherwise noted.

On April 18, 2016, defendant filed a lengthy brief.  Defendant asserts he was denied effective assistance of counsel by his trial and appellate attorneys in 1996 through 2000.  Defendant did not raise any ineffectiveness issue on direct appeal from the January 13, 1999 judgment.  The ineffectiveness claims should have been raised in that appeal.  Those issues are not properly before this court on this subsequent appeal from the October 14, 2015 order denying defendant's section 1170.18, subdivision (a) resentencing petition.  (Cf. *People v. Johnson* (2016) 244 Cal.App.4th 384, 389, fn. 5 [§ 1170.126]; see generally, e.g., *People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397 [sentencing issue should have been raised during first appeal]; *People v. Senior* (1995) 33 Cal.App.4th 531, 533, 538 [defendant could not raise sentencing issue for first time in third appeal].)

We have examined the entire record and are satisfied appointed appellate counsel has fully complied with his responsibilities.  We agree with the trial court's conclusion that defendant's convictions did not qualify him for the relief sought.  Neither firearm possession by a felon nor evading with willful disregard is one of the drug or theft-related offenses specified as eligible for resentencing under section 1170.18, subdivision (a).

The order denying defendant's resentencing petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

BAKER, J.

RAPHAEL, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3