Filed 1/28/16

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ADRIAN DAVID JOHNSON,<br><br>    Defendant and Appellant. | F067176<br><br>(Super. Ct. No. F99629214-8)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County. Jonathan B. Conklin, Judge.

Elizabeth M. Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ivan P. Marrs, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Under the Three Strikes Reform Act of 2012, a person serving an indeterminate life term as a third strike offender under the three strikes law can petition for a recall of sentence and seek to be resentenced as a second strike offender. (Pen. Code,[1] § 1170.126, subd. (b).) In order to be eligible for resentencing, the inmate must meet certain criteria. (*Id*., subd. (e).) At issue here is the requirement that the inmate be serving an indeterminate life term "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (*Id*., subd. (e)(1).) Section 1192.7, subdivision (c)(8) defines as a serious felony "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice .…"

We hold that, for purposes of determining whether an inmate is ineligible for resentencing under section 1170.126, subdivision (e)(1), "serious bodily injury," as that term is used in section 243, subdivision (d) and defined in section 243, subdivision (f)(4), is the equivalent of "great bodily injury," as that phrase is used in section 1192.7, subdivision (c)(8). Accordingly, a person serving an indeterminate life term as a third strike offender for a violation of section 243, subdivision (d), when he or she personally inflicted serious bodily injury, is ineligible for resentencing under section 1170.126. The trial court reached the same conclusion in denying the petition for recall of sentence filed by Adrian David Johnson (defendant). We affirm.

## FACTS AND PROCEDURAL HISTORY

"On September 4, 1998, two paramedics, a male and a female, were dispatched to assist [defendant's] ostensible girlfriend who was complaining of abdominal pain. Apparently displeased with the speed and manner of the paramedics' treatment, [defendant] followed them to their vehicle and severely beat them. The male suffered a

---

[1]     All statutory references are to the Penal Code unless otherwise stated.

facial fracture, trauma to the eye, resulting in vision problems, chipped teeth, and nerve damage to three teeth. The female was knocked unconscious and suffered residual brain and neurological damage, including optical migraines and problems with vertigo." (*People v. Johnson* (Jan. 9, 2002, F034615) [nonpub. opn.].)[2]

As relevant here, a jury found defendant guilty of battery resulting in the infliction of serious bodily injury (§ 243, subd. (d); counts one & two), and found true the special allegation as to each count that defendant personally inflicted serious bodily injury on a person other than an accomplice within the meaning of sections 667 and 1192.7.[3]

Defendant was also charged with assault by means of force likely to produce great bodily injury upon an emergency medical technician engaged in the performance of his or her duties (§ 245, former subd. (a)(1), now subd. (a)(4); counts three & four), and the further allegation as to each count that he personally inflicted great bodily injury within the meaning of section 12022.7. Defendant was acquitted of counts three and four.

Following a bifurcated court trial, defendant was found to have suffered two prior juvenile adjudications that constituted serious and/or violent felonies under the three strikes law. He was sentenced to two concurrent terms of 25 years to life in prison.

On February 19, 2013, defendant filed a petition for recall of sentence pursuant to section 1170.126. He attached a copy of the abstract of judgment showing his current convictions, and asserted he met the eligibility requirements contained in section 1170.126, subdivision (e). On March 8, 2013, the trial court[4] summarily denied

---

[2]     The facts of the underlying offenses are taken from our opinion in defendant's prior appeal. Appellate counsel adopted the statement of facts from the opinion in her opening brief.

[3]     The jury additionally found defendant guilty of battery with injury upon an emergency medical technician engaged in the performance of his or her duties (§ 243, subd. (c); counts five & six).

[4]     The judge who sentenced defendant was no longer on the bench, and so another judge was designated to rule on the petition. (See § 1170.126, subd. (j).)

3.

the petition finding defendant ineligible for resentencing because his current convictions for violating section 243, subdivision (d) constituted serious felonies.

## DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel stating defendant was advised he could file his own brief with this court. By letter dated December 11, 2013, we invited defendant to submit additional briefing.

Defendant filed his supplemental brief in which he claimed the trial court violated his right to a jury trial by treating the jury's findings of "serious bodily injury" as legally equivalent to "great bodily injury" despite the jury's express findings defendant did not inflict great bodily injury. We directed the parties to brief the issues (1) whether "serious bodily injury" and "great bodily injury" are legally equivalent phrases within the meaning of the three strikes law and section 1170.126, and (2) whether defendant is legally barred on the merits from petitioning the trial court for resentencing under the latter section. The parties having done so, we turn to that issue.[5]

---

[5] Denial of a motion for recall of sentence under section 1170.126 is an appealable order. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 601.) This does not mean, however, that *Wende* review is available. (See *In re Sade C.* (1996) 13 Cal.4th 952, 978, 982; *People v. Serrano* (2012) 211 Cal.App.4th 496, 498, 500-502.) Neither party has asked us to make that determination. As defendant himself has raised and briefed an issue, we address that issue without further discussion of *Wende*'s applicability.

In his supplemental brief, defendant claims his prior juvenile adjudications were honorably discharged years ago and so should not have been used to sentence him under the three strikes law. In his appeal from his current convictions, defendant challenged the trial court's findings that his two prior juvenile adjudications constituted serious and/or violent felony convictions within the meaning of the three strikes law, albeit not on the ground he now seeks to raise. "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th

Section 667.5, subdivision (c)(8) defines as a violent felony "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 .…" Here, enhancements under section 12022.7 were alleged in conjunction with counts three and four, but, because the jury acquitted defendant of those counts, the allegations cannot be deemed to have been proven. Accordingly, defendant's current convictions do not constitute violent felonies within the meaning of section 667.5, subdivision (c).

Section 1192.7, subdivision (c)(8) does not contain the same specific pleading and proof requirement. That statute defines as a serious felony "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice .…" Although this language corresponds to the language of section 12022.7 (*People v. Briceno* (2004) 34 Cal.4th 451, 463, fn. 10), the prosecution is not required to plead and prove personal infliction of great bodily injury as a separate enhancement for the conviction to be classified as a "serious felony" within the meaning of section 1192.7, subdivision (c)(8). (*People v. Brown* (1988) 201 Cal.App.3d 1296, 1302; see *People v. Equarte* (1986) 42 Cal.3d 456, 465). Instead, it is sufficient if such *conduct* has been pled and proven. (*People v. Trujillo* (2006) 40 Cal.4th 165, 175; *People v. Equarte*, *supra*, 42 Cal.3d at pp. 463-465; *People v. Jackson* (1985) 37 Cal.3d 826, 832, overruled

531, 538.) Defendant offers no such justification, nor does he provide any factual proof or legal authority for his claim. Accordingly, we do not address it further. We note, however, that to the extent defendant may be relying on the provisions of Welfare and Institutions Code section 1772 (releasing, with certain exceptions, persons honorably discharged from control by the Youth Authority Board from all penalties and disabilities resulting from the offense for which the person was committed), this court has held those provisions "do[] not preclude treatment of the offense as a strike in subsequent criminal proceedings." (*People v. Daniels* (1996) 51 Cal.App.4th 520, 522; see *id*. at pp. 525-526.)

After independent review of the record, we conclude no reasonably arguable legal or factual issues exist aside from the ones on which we requested supplemental briefing.

5.

on another ground by *People v. Guerrero* (1988) 44 Cal.3d 343, 355, as stated in *People v. Burton* (1989) 48 Cal.3d 843, 863.)

Subdivision (f)(4) of section 243 defines "serious bodily injury" as "a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement."

Section 12022.7 provides that any person who personally inflicts great bodily injury on any person other than an accomplice shall be punished by an additional and consecutive term of imprisonment in the state prison. Subdivision (f) of section 12022.7 defines "great bodily injury" as "a significant or substantial physical injury."

The jury in the present case expressly found defendant personally inflicted serious bodily injury on a person other than an accomplice. The question for the trial court with respect to defendant's eligibility for recall of sentence under section 1170.126 then was whether serious bodily injury is the equivalent of great bodily injury for purposes of section 1192.7, subdivision (c)(8).[6]

---

[6]    There is no doubt the injuries defendant inflicted on his two victims satisfy both definitions. The selective portions of the victims' medical records defendant has appended to his supplemental brief — even if properly before us — do not lead to a contrary finding.

We previously have held *Apprendi v. New Jersey* (2000) 530 U.S. 466 and its progeny do not apply to a determination of eligibility for resentencing under section 1170.126. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1038-1040.) Other courts have reached the same conclusion. (E.g., *People v. Berry* (2015) 235 Cal.App.4th 1417, 1428; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331, 1334-1336; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1315.) We also have found a trial court determining eligibility for resentencing under section 1170.126 "may examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors. [Citation.]" (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063; see *People v. Wood* (2000) 83 Cal.App.4th 862, 865.) The appellate opinion constitutes a portion of the record of conviction that may be considered. (*People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1030; accord, e.g., *People v. Brimmer*

California courts have long held that "serious bodily injury," as used in section 243, and "great bodily injury," as used in section 12022.7, are essentially equivalent. (E.g., *People v. Santana* (2013) 56 Cal.4th 999, 1008 (*Santana*); *People v. Sloan* (2007) 42 Cal.4th 110, 117; *People v. Burroughs* (1984) 35 Cal.3d 824, 831, overruled on another ground in *People v. Lasko* (2000) 23 Cal.4th 101, as stated in *People v. Blakeley* (2000) 23 Cal.4th 82, 89; *People v. Wade* (2012) 204 Cal.App.4th 1142, 1149; *People v. Bueno* (2006) 143 Cal.App.4th 1503, 1508, fn. 5; *People v. Arnett* (2006) 139 Cal.App.4th 1609, 1613 (*Arnett*); *People v. Beltran* (2000) 82 Cal.App.4th 693, 696; *People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375; *People v. Moore* (1992) 10 Cal.App.4th 1868, 1871 (*Moore*); *People v. Otterstein* (1987) 189 Cal.App.3d 1548, 1550; *People v. Corning* (1983) 146 Cal.App.3d 83, 90; *People v. Kent* (1979) 96 Cal.App.3d 130, 136.) Indeed, the court in *Hawkins* held that a conviction for violating subdivision (d) of section 243 cannot be enhanced pursuant to section 12022.7, because "great bodily injury, as defined in section 12022.7, is an element of the crime of battery under section 243, subdivision (d)." (*People v. Hawkins*, *supra*, 15 Cal.App.4th at p. 1376.)

In *Moore*, the Court of Appeal held that battery with serious bodily injury, in violation of section 243, subdivision (d), could be used to impose a five-year enhancement for a serious felony, pursuant to section 667, subdivision (a), "because the

---

(2014) 230 Cal.App.4th 782, 800-801; *People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661.) Recent appellate opinions have questioned to what extent, following the United States Supreme Court's decision in *Descamps v. United States* (2013) 570 U.S. ___ [133 S.Ct. 2276], the record of a prior conviction may be considered to determine whether that conviction constituted a strike (*People v. Marin* (2015) 240 Cal.App.4th 1344, 1348-1349, 1351-1364; *People v. Saez* (2015) 237 Cal.App.4th 1177, 1199-1208; *People v. Wilson* (2013) 219 Cal.App.4th 500, 513-516). Those cases do not address the eligibility issue under section 1170.126. (See *People v. Blakely*, *supra*, 225 Cal.App.4th at p. 1062.) Moreover, defendant's jury made an express finding he personally inflicted serious bodily injury within the meaning of sections 667 and 1192.7.

term 'serious bodily injury' is essentially equivalent to and synonymous with the term 'great bodily injury,' as required by … section 1192.7, subdivision (c)(8)." (*Moore*, *supra*, 10 Cal.App.4th at p. 1870.) The court reasoned: "A felony battery … is defined as an offense in which 'serious bodily injury is inflicted on the person.' [Citation.] Our Supreme Court has held that the term 'serious bodily injury,' as intended in section 243, subdivision (d), is 'essentially equivalent' with the element of 'great bodily injury' presented in other criminal statutes. [Citations.] Other courts, in comparing the 'serious bodily injury' element of felony battery to the 'great bodily injury' requirement of another enhancement statute [citation], have held that the two terms are 'substantially similar' [citation] and 'essentially equivalent' [citation]. Nothing indicates the Legislature intended that these two terms should have separate and distinct meanings with regard to a 'serious felony' sentence enhancement, and we perceive no reason to make any distinction between the two terms." (*Id.* at p. 1871; see *People v. Hernandez* (1998) 19 Cal.4th 835, 837 [language of § 1192.7, subd. (c)(8) "would seem to cover" conviction for battery with serious bodily injury under § 243, subd. (d)], disapproved on another ground in *People v. Seel* (2004) 34 Cal.4th 535, 550, fn. 6.)

We recognize that because the terms "serious bodily injury" and "great bodily injury" do "'have separate and distinct statutory definitions'" (*Santana*, *supra*, 56 Cal.4th at p. 1008), there are limits to the general proposition that the terms have substantially the same meaning. In *Santana*, the California Supreme Court considered whether the standard jury instruction for simple mayhem (§ 203) properly required the prosecution to prove the defendant caused the victim "serious bodily injury." (*Santana*, *supra*, 56 Cal.4th at p. 1001.)[7] Although neither "'serious bodily injury'" nor "'serious impairment

---

**7** Section 203 provides: "Every person who unlawfully and maliciously deprives a human being of a member of his body, or disables, disfigures, or renders it useless, or cuts or disables the tongue, or puts out an eye, or slits the nose, ear, or lip, is guilty of mayhem."

of physical condition'" was contained in section 203, the instruction's definition of "'serious bodily injury'" was drawn from the definition contained in section 243, subdivision (f)(4). The authority given for inclusion of the requirement was an appellate court opinion that held great bodily injury was an element of mayhem. (*Santana*, *supra*, at pp. 1007-1008, 1009.) In finding the jury instruction "more confusing than elucidating" (*id*. at p. 1010), the high court observed that the distinction between "serious bodily injury" and "great bodily injury" "may make a difference when evaluating jury instructions that provide different definitions for the two terms. [Citation.] Thus, *in this context where we must consider a jury instruction's precise language*, we cannot conclude that the offense of mayhem includes a serious bodily injury requirement simply based on cases holding that mayhem includes a great bodily injury component" (*id*. at pp. 1008-1009, italics added).

In the case before us, we are not concerned with the precise language of a jury instruction. Rather, we are concerned with whether conduct constituting serious bodily injury falls within a statutory provision referring to conduct constituting great bodily injury. Under these circumstances, it is appropriate to rely on the abundant case law finding the concepts (and conduct) essentially equivalent. *Santana* does not require a different conclusion.

Defendant relies heavily on *People v. Taylor* (2004) 118 Cal.App.4th 11 (*Taylor*) as support for his argument the trial court erred. In *Taylor*, the defendant was convicted of three offenses, one of which was battery with serious bodily injury. However, the jury found not true allegations he personally inflicted great bodily injury in commission of the charged offenses. On appeal, he claimed the trial court erred in imposing a five-year enhancement, pursuant to section 667, subdivision (a)(1), for his prior serious robbery convictions. (*Taylor*, *supra*, 118 Cal.App.4th at pp. 16, 17-18.)

The Court of Appeal first examined the statutory requirements. It stated:

9.

"Section 667, subdivision (a)(1) provides a five-year sentence enhancement for serious felony priors. The statute applies only if the current conviction itself is also a serious felony. Serious felonies are defined in section 1192.7, subdivision (c). 'Section 1192.7, subdivision (c), lists some felonies that are per se serious felonies, such as murder, mayhem, rape, arson, robbery, kidnapping, and carjacking.' [Citation.] If the current conviction falls within this group of crimes, 'then the question whether that conviction qualifies as a serious felony is entirely legal.' [Citation.] It is undisputed that none of Taylor's current convictions fall within this group of serious felonies. Specifically, battery with serious bodily injury (§ 243, subd. (d)) is not one of the enumerated crimes that qualify as per se serious felonies. [Citation.]

"Section 1192.7, subdivision (c), defines other crimes as serious felonies by reference 'to conduct rather than to a specific crime.' [Citations.] For example, the statute defines serious felonies to include 'any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm' (§ 1192.7, subd. (c)(8)), or 'any felony in which the defendant personally used a dangerous or deadly weapon' (§ 1192.7, subd. (c)(23)).

"Under these conduct-based definitions, a felony that does not qualify as a serious felony as a matter of law may be found to constitute a serious felony if the prosecution properly pleads and proves the facts necessary to establish the defined conduct. [Citation.] The prosecution may satisfy this burden by pleading and proving a separate sentence enhancement that has the same factual elements as the defined serious felony conduct [citation], such as an enhancement for personally inflicting great bodily injury (§ 12022.7), personally using a firearm (§§ 12022.5, 12022.53), or personally using a deadly or dangerous weapon (§ 12022, subd. (b)(1)). If such a sentence enhancement is not alleged, the accusatory pleading must somehow give the defendant actual notice of the factual basis for the allegation that the charged offense is a serious felony. [Citation.]" (*Taylor*, *supra*, 118 Cal.App.4th at pp. 22-23.)

The court then turned to the claim the jury's verdicts — convicting the defendant of battery with serious bodily injury while finding not true the enhancements for personally inflicting great bodily injury — were inconsistent, inasmuch as serious bodily injury is legally equivalent to great bodily injury. (*Taylor*, *supra*, 118 Cal.App.4th at p. 23.) The court concluded: "In *the particular circumstances of this case*, the

10.

conviction for battery with serious bodily injury is not legally or factually equivalent to a finding of great bodily injury." (*Id*. at p. 24, italics added.) The court explained: "Although the terms 'great bodily injury' and 'serious bodily injury' have been described as being 'essentially equivalent' [citation] or having 'substantially the same meaning' [citation], they have separate and distinct statutory definitions.… Unlike serious bodily injury, the statutory definition of great bodily injury does not include a list of qualifying injuries and makes no specific reference to bone fractures." (*Ibid*.)

The court noted that the trial court gave standard jury instructions on both serious bodily injury and great bodily injury, and the instructions provided different definitions of the terms based on the different statutory definitions. Neither instruction stated the two terms were legally equivalent. Based on the instructions, defense counsel specifically argued the victim's bone fracture did not constitute great bodily injury, because it was only a moderate injury. During deliberations, jurors asked a question indicating they had focused on the precise issue argued by defense counsel, and their verdicts, interpreted in light of the instructions and arguments of counsel, indicated a finding the defendant had inflicted serious bodily injury, but not great bodily injury. (*Taylor*, *supra*, 118 Cal.App.4th at pp. 24-25.) Under these circumstances, the court concluded, "the jury's finding of serious bodily injury cannot be deemed equivalent to a finding of great bodily injury. The jury conscientiously applied the instructions given and decided that the victim's bone fracture did not constitute great bodily injury because it was only a 'moderate' injury .… This is a factual determination that is reserved for the jury. [Citation.] In its verdicts, the jury distinguished between great bodily injury and serious bodily injury, because only the latter was defined to include a bone fracture .… Thus, the jury's finding that the bone fracture fell within the definition of serious bodily injury was not equivalent to a finding of great bodily injury." (*Id*. at p. 25, fn. omitted.)

The court distinguished *Moore*, *supra*, 10 Cal.App.4th 1868, stating: "[T]he record of Moore's battery prior did not include any finding that he had *not* inflicted great

bodily injury in committing the prior offense. The trial court's conclusion that the prior offense was a serious felony thus did not conflict with the express findings of the trier of fact. In the absence of any contrary indication in the record, the trial court in *Moore* was justified in applying the usual assumption that 'great bodily injury' and 'serious bodily injury' are 'essentially equivalent.' [Citation.]" (*Taylor*, *supra*, 118 Cal.App.4th at p. 26.)

The *Taylor* court then concluded the defendant "had a federal constitutional right to a jury determination of the factual predicate for a finding that any of the charged offenses was a serious felony. *Because the jury specifically found that [the defendant] had not inflicted great bodily injury in the commission of the charged offenses*, and there was no other factual or legal basis for a finding that any of the charged offenses was a serious felony, the trial court's determination that [battery with serious bodily injury] constituted a serious felony violated [the defendant's] constitutional right to jury trial." (*Taylor*, *supra*, 118 Cal.App.4th at p. 28, italics added.)

In *Arnett*, *supra*, 139 Cal.App.4th 1609, the defendant was convicted of assault by means of force likely to produce great bodily injury and battery with serious bodily injury. On appeal, he argued that imposition of a five-year enhancement pursuant to section 667, subdivision (a)(1) was unauthorized because the jury did not make a factual finding that his current offense was a serious felony. (*Id*. at pp. 1611, 1613.)

The Court of Appeal disagreed. (*Arnett*, *supra*, 139 Cal.App.4th at p. 1613.) It observed that under section 1192.7, subdivision (c)(8), an offense is a serious felony if the defendant personally inflicts great bodily injury on a person other than an accomplice in committing the offense, and it noted the numerous cases recognizing that "serious bodily injury" and "great bodily injury" have substantially the same meaning. (*Arnett*, *supra*, at pp. 1613-1614.) It determined that the defendant's waiver of a jury trial on the issue of the prior conviction allegations encompassed the right to a jury determination of whether the current offense was a serious felony. (*Id*. at p. 1614.) With respect to the

12.

defendant's claim (for which he relied principally on *Taylor*) that the trial court was not authorized to find the current offense was a serious felony because the jury did not reach a verdict on a section 12022.7 enhancement that was alleged with respect to the aggravated assault charge, the appellate court stated: "*Taylor* is readily distinguishable from the present matter. Here, the jury did *not* make a determination on the great bodily injury enhancement and defendant waived jury trial on the issue for purposes of the serious prior felony enhancement. Thus, the trial court did not 'substitute[] its own … legal determination for the express factual findings of the jury' [citation] and the narrow ruling of *Taylor* does not apply. As recognized by the court in *Taylor*, 'In the absence of any contrary indication in the record, the trial court … [i]s justified in applying the usual assumption that "great bodily injury" and "serious bodily injury" are "essentially equivalent."' [Citation.]" (*Arnett*, *supra*, at p. 1615.)

The present case is more similar to *Arnett* than to *Taylor*. Here, the jury did *not* find "not true" the allegations defendant personally inflicted great bodily injury, but rather made no findings in that regard. Because the jury acquitted defendant of the aggravated assault counts to which the great bodily injury allegations were appended, jurors never reached the issue whether defendant personally inflicted great bodily injury.[8] Jurors *did* find defendant personally inflicted serious bodily injury within the meaning of sections 667 and 1192.7, however.

Although whether a defendant inflicted great bodily injury is normally a factual question for the jury (*Taylor*, *supra*, 118 Cal.App.4th at p. 25), "[w]e are not concerned here with an enhancement [or other increase in sentence] but with a criterion for

---

[8] As the Attorney General points out, the offense of assault by means of force likely to produce great bodily injury focuses on the force used, not the injury actually inflicted. (See, e.g., *People v. Aguilar* (1997) 16 Cal.4th 1023, 1028; *People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1065-1066; *People v. Muir* (1966) 244 Cal.App.2d 598, 604.) Thus, the jury's acquittals on the assault charges do not constitute implied findings with respect to the nature and severity of the injuries inflicted.

13.

mitigation of sentence" (*People v. Elder*, *supra*, 227 Cal.App.4th at p. 1315). Under the circumstances, we perceive no reason to make any distinction between "serious bodily injury" and "great bodily injury" for purposes of determining whether a conviction constitutes a serious felony under section 1192.7, subdivision (c)(8), so as to disqualify an inmate from resentencing under the Three Strikes Reform Act of 2012 pursuant to section 1170.126, subdivision (e)(1). We also find no diminution of defendant's jury trial rights by virtue of the trial court's determination that two of defendant's current commitment offenses constitute serious felonies. The trial court properly having made that determination, it had "*no power* to do anything but deny the petition for recall of sentence." (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1512; see § 1170.126, subds. (b), (e).)

## DISPOSITION

The judgment is affirmed.


_____
                                                                                                    DETJEN, J.

WE CONCUR:


_____
POOCHIGIAN, Acting P.J.


_____
PEÑA, J.

14.