Filed 9/19/16  P. v. Mosteiro CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C080445 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SF132020A & SM293354A) |
| v. | |
| CHRISTAL RITA MOSTEIRO, | |
| Defendant and Appellant. | |

Defendant Christal Rita Mosteiro pleaded guilty to assault with a deadly weapon but subsequently moved to withdraw her plea prior to sentencing.  (Pen. Code, § 245, subd. (a)(1).)[1]  Defendant contends the trial court abused its discretion and erred in

---

[1]  Undesignated statutory references are to the Penal Code.

1

denying her motion to withdraw her guilty plea because she received incorrect legal information and ineffective assistance of counsel during her guilty plea. We shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Case No. SM293354A

On June 1, 2015, defendant went to the home of Lora Carson and repeatedly punched Carson in the face while holding a glass marijuana pipe in her hand. Carson heard a loud pop in her cheek during the attack, and, as a result of the attack, Carson required surgery on her cheek, including titanium plates.

Defendant was charged in case No. SM293354A with "assault by means of force likely to produce great bodily injury or with a deadly weapon and instrument," with a special allegation of personal infliction of great bodily injury and a prior strike (count 1; §§ 245, subd. (a)(1), 12022.7, subd. (a), 667, subd. (d), 1170.12, subd. (b)), battery with serious bodily injury and a prior strike (count 2; §§ 243, subd. (d), 667, subd. (d), 1170.12, subd. (b)), vandalism (count 3; § 594, subd. (a)), and failure to appear on a felony charge (count 4; § 1320, subd. (b)).

Case No. SF132020A

On July 21, 2015, police searched defendant's home and found several firearms, including a Springfield Armory rifle. Defendant told police she possessed the rifle.

Defendant was charged in case No. SF132020A with being a felon in possession of a firearm (counts 1, 3, 5, 7, & 9; § 29800, subd. (a)(1)), and obliterating the identification of a firearm (counts 2, 4, 6, 8, & 10; § 23900). It was also alleged defendant suffered a prior strike, had served a prior prison term, and had committed a felony while released on bail or on her own recognizance. (§§ 667, subds. (b) & (d), 667.5, subd. (b), 1170.12, subd. (b), 12022.1.)

On August 7, 2015, the parties reached a global plea deal whereby defendant would plead guilty to count 1 and admit a prior strike in case No. SM293354A and to count 1 in case No. SF132020A. The remaining counts and enhancements in both cases

2

would be dismissed.  In exchange, defendant would serve six years for case No. SM293354A and eight months for case No. SF132020A.

The trial court explained defendant would be "pleading to a 245 as well as a gun possession," and would be serving six years eight months in prison.  The defendant agreed she understood, and the trial court explained the consequences of entering the plea and the constitutional rights defendant would be waiving.  The trial court then asked defendant how she pled in case No. SM293354A to "assault with force likely to produce great bodily injury, in violation of [section] 245[, subdivision] (a)(1) on or about July 1st of 2015, a felony, the victim being a Lora Carson."  Defendant responded, "Guilty."  The prosecutor said, "I'm sorry for the interruption.  It's being pled as the assault with a deadly weapon because it is a strike."  Defendant asked, "What was the deadly weapon?"  The trial court replied, "A glass pipe.  [¶]  So you are charged with assault with a deadly weapon.  [¶] . . . [¶] . . .  This is a strike and it is alleged as assault with a deadly weapon."  Defense counsel replied, "I explained it to her, that it was a strike because it was a great bodily injury."  Defendant said, "I did not assault with a deadly weapon."  After a pause in proceedings, the trial court explained, "The great bodily injury enhancement adds more time . . . .  [The People] are getting their strike but they are not making you admit the GBI enhancement."  Defendant responded, "All right," and the court continued:  "So for you to take advantage of this deal, it's -- ."  Defendant again responded, "All right," confirmed she understood the deal, and pleaded guilty to assault with a deadly weapon.  Defendant also pleaded guilty to count 1 in case No. SF132020A.

Prior to sentencing, defendant moved to withdraw her plea, claiming she was not guilty of assault with a deadly weapon because she did not use a weapon during the fight, and her attorney had failed to advise her of the consequences of having a second strike.  During the hearing, defendant testified she did not hit Carson with a weapon, although her trial counsel advised she was "going to lose" at trial.

3

Defendant also testified her trial counsel advised the People had offered six years eight months imprisonment plus a second strike, and she was facing up to 14 years if she lost at trial. Defendant testified her trial counsel did not specify the charges she would be pleading to, although defendant thought it was "assault with great bodily injury" until the time of the plea when the court explained it would be assault with a deadly weapon. According to defendant, although she "knew [she] was getting a second strike" because her trial counsel told her, neither her lawyer nor the court explained to her the consequences of having a second strike on her record. Defendant testified she would not have entered a guilty plea had she known she was getting a second strike under the deal. She also starting taking steps to withdraw her plea the day she entered it.

During the hearing, defendant's trial counsel, Michelle Turner, testified she discussed the strike consequences of the plea deal and defendant said she "understood." Still, Turner had understood and explained to defendant the deal would be for assault with force likely to cause great bodily injury and would be a strike because the victim actually suffered great bodily injury. Once she learned during the plea that the deal was for assault with a deadly weapon, Turner explained the charge and the plea to defendant. Turner testified she never told defendant she would lose at trial.

The trial court denied defendant's motion to withdraw her plea. Defendant "knew she was getting a second strike," since she admitted this during her testimony at the hearing. In addition, defense counsel testified she explained the consequences of a second strike. Accordingly, defendant made a knowing and voluntary plea.

Per the parties' agreement, the trial court sentenced defendant to six years eight months' imprisonment as follows: on count 1 (case No. SM293354A) to the midterm of three years, doubled due to the strike, and on count 1 (case No. SF132020A) to one-third the midterm, or eight months. (§§ 29800, subd. (a)(1), 1170, subd. (h), 245, subd. (a)(1), 667, subds. (b), (d), (e).) Defendant appeals.

4

**DISCUSSION**

Defendant contends the trial court abused its discretion in denying her motion to withdraw her plea. "On application of the defendant at any time before judgment . . . , the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (§ 1018.) A defendant must show good cause by "clear and convincing evidence." (*People v. Wharton* (1991) 53 Cal.3d 522, 585.) "Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. [Citations.]" (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) " 'Guilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged.' [Citation.]" (*People v. Weaver* (2004) 118 Cal.App.4th 131, 146.) We review a denial of a defendant's motion to withdraw her plea for abuse of discretion. (*Ibid*.)

*A. Trial Court's Statements Regarding the Plea Deal*

Defendant contends she was willing to plead to assault with force likely to cause great bodily injury and receive a second strike. However, defendant did not believe she used a deadly weapon against Carson and therefore questioned the People's request for her to plea to assault with a deadly weapon. Defendant takes issue with the trial court's response: "[Y]ou are charged with assault with a deadly weapon. [¶] . . . [¶] . . . This is a strike . . . . [¶] . . . [¶] [Pause in the proceedings.] [¶] . . . The great bodily injury enhancement adds more time. So what the D.A. is – they are getting their strike but they are not making you admit the GBI enhancement. [¶] . . . [¶] . . . So for you to take advantage of this deal, it's -- [¶] . . . [¶] . . . Do you understand it?" According to defendant, the trial court was advising the *only* way to avoid a three-year enhancement and also permit the People to obtain a new serious felony conviction was for her to plead to assault with a deadly weapon.

Relying on *People v. Johnson* (2016) 244 Cal.App.4th 384, 389-390 and *People v. Brown* (1988) 201 Cal.App.3d 1296, 1302, defendant contends this advice was erroneous.

5

Under section 1192.7, subdivision (c)(8), a serious felony for purposes of the three strikes law includes "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ." As explained in *Johnson*, "[a]lthough this language corresponds to the language of section 12022.7 [citation], the prosecution is not required to plead and prove personal infliction of great bodily injury as a separate enhancement for the conviction to be classified as a 'serious felony' within the meaning of section 1192.7, subdivision (c)(8). [Citations.] Instead, it is sufficient if such conduct has been pled and proven." (*Johnson*, at pp. 289-290, italics omitted.) Accordingly, defendant contends, she could have fulfilled the plea agreement by pleading guilty to assault with force likely to cause great bodily injury and admitting as part of the plea that she had personally inflicted great bodily injury in the commission of the offense.

Despite defendant's contentions, we find the trial court was merely explaining the deal the People were willing to agree to. These explanations were in addition to those defendant received from her own trial counsel. Defendant indicated three times to the trial court she understood the deal, and there is nothing in the record to suggest the People were willing to accept the plea she proposes on appeal. Moreover, defendant through her counsel concurred in the factual basis for her plea, including that she was holding a glass marijuana pipe as she punched Carson. Because there is no evidence defendant was misled into pleading guilty to assault with a deadly weapon, we find no abuse of discretion.

### B. Ineffective Assistance of Counsel

Defendant claims she received ineffective assistance of counsel because her trial counsel failed to advocate against the People's request during the plea hearing that she plead guilty to assault with a deadly weapon, rather than assault with force likely to cause great bodily injury. According to defendant, her trial counsel also should have corrected the trial court when it explained the deal the People were offering, i.e., that she would

6

plead to assault with a deadly weapon in exchange for a stipulated sentence. We disagree.

To establish ineffective assistance of counsel, a defendant must show counsel's performance was "deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms." (*In re Alvernaz* (1992) 2 Cal.4th 924, 937 (*Alvernaz*); see also *Strickland v. Washington* (1984) 466 U.S. 668, 688, 694 [80 L.Ed.2d 674].) In addition, defendant must show prejudice, i.e., "a reasonable probability that, but for counsel's incompetence, the defendant would not have pleaded guilty and would have insisted on proceeding to trial." (*Alvernaz,* at p. 934.) " ' " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " ' [Citations.]" (*People v. Anderson* (2001) 25 Cal.4th 543, 569.)

As previously discussed, the trial court did not err in its description of the deal being offered by the People, leaving nothing for defense counsel to correct. In addition, defense counsel explained the deal to defendant, who repeatedly indicated she understood the deal and her rights, accepted the factual basis for her plea to assault with a deadly weapon, and knowingly and voluntarily pleaded guilty.

Moreover, even if there was error, defendant has not established it was reasonably probable that she would have not pleaded guilty and proceeded to trial. We agree with the trial court that defendant understood the plea deal and her rights. As the trial court noted, at the time of the plea, defendant seemed more interested "about getting out and getting a stay" so she could delay her prison sentence. Defendant's self-serving statements and efforts to withdraw her plea are insufficient to establish ineffective assistance. (*Alvernaz, supra*, 2 Cal.4th at p. 938 [defendant's self-serving statement that he would have acted differently but for counsel's ineffective assistance "must be corroborated independently by objective evidence"].) We reject defendant's claim of ineffective assistance of counsel.

7

## DISPOSITION

The judgment is affirmed.

    /s/

Blease, Acting P. J.

We concur:

    /s/

Hull, J.

    /s/

Hoch, J.