Filed 8/25/21  In re Cabrera CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| In re MIGUEL ANGEL CABRERA<br><br>on Habeas Corpus. | C091962<br><br>(Super. Ct. Nos. MCYKCRBF20076242, SCCRHCCR20189121) |

Petitioner Miguel Angel Cabrera seeks relief in habeas corpus for ineffective assistance of appellate counsel in failing to challenge a sentence enhancement under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Apprendi*).  The trial court imposed a five-year enhancement under Penal Code section 667, subdivision (a)(1), based on the court's determination that petitioner caused great bodily injury (GBI) to the victim (Pen. Code, § 1192.7, subd. (c)(8)).[1]  However, the jury hung on special

---

[1]  Penal Code section 667, subdivision (a)(1), provides in relevant part:  "Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all the

1

allegations that petitioner personally inflicted GBI (§ 12022.7) and the trial court declared a mistrial on those allegations. Petitioner contends the sentencing enhancement violated the rule of *Apprendi* that a finding that increases punishment must be made by a jury. Therefore, petitioner maintains appellate counsel rendered ineffective assistance by failing to assign error on appeal on that basis. (*Strickland v. Washington* (1984) 466 U.S. 668 [80 L.Ed.2d 674] (*Strickland*).)

We deny the petition.

## BACKGROUND

This court summarized much of the pertinent background in our decision on petitioner's appeal from denial of his petition for resentencing under section 1170.126, *People v. Cabrera* (2018) 21 Cal.App.5th 470 (*Cabrera*).[2]

We wrote that petitioner "was charged by indictment with assault by means of force likely to produce GBI (§ 245, subd. (a)(1); count 1), battery with [serious bodily injury] SBI (§ 243, subd. (d); count 2), assault with a deadly weapon (former § 245, subd. (a)(2); count 3), and actively participating in a street gang (§ 186.22, subd. (a); count 4). The charges also included gang enhancements (§ 186.22, subd. (b)(1)) as to counts 1 through 3, a special allegation of personally inflicting GBI (§ 12022.7, subd. (a)) as to count 1, an allegation of personal infliction of GBI to classify count 2 as a serious felony

---

elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." Penal Code section 1192.7, subdivision (c)(8) provides in relevant part that the meaning of " 'serious felony' " includes "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice . . . ." All undesignated statutory references are to the Penal Code.

[2] As we did in *Cabrera*, on our own motion, we take judicial notice of our opinion and the appellate record in petitioner's first appeal (case No. C058828), as well as the decision and appellate record in *Cabrera* (case No. C081532) and petitioner's first habeas petition (case No. C088611). (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

(§§ 667, 1192.7), as well as four prior strikes (§ 1170.12) and four prior serious felony allegations (§ 667, subd. (a)(1)).” (*Cabrera, supra*, 21 Cal.App.5th at p. 473.)

“The jury found defendant guilty on counts 1, 2, and 4, but found the gang allegations not true. It could not reach verdicts on count 3 and the GBI allegations as to counts 1 and 2, but sustained the strike and prior serious felony allegations. The trial court declared a mistrial as to count 3 and the GBI allegations.” (*Cabrera, supra*, 21 Cal.App.5th at p. 473.)

“At the sentencing hearing, the defense objected to serious felony findings on any of the counts of conviction, and the parties argued at length about the effect, if any, that the jury’s failure to reach verdicts on the GBI allegations would have on the potential classification of counts 1 (assault) and 2 (battery with SBI) as serious felonies. The defense further argued defendant was entitled to a jury determination before the court could find GBI and thus classify counts 1 and 2 as serious felonies. The sentencing court found that counts 1, 2, and 4 were indeed serious felonies based on its determination that ‘there [was] great bodily injury’ but did not elaborate further on the basis or rationale for that decision. The court sentenced defendant to 30 years to life in prison on count 1, consisting of 25 years to life in prison on count 1, plus a consecutive five years for the prior felony allegation, and identical concurrent terms on counts 2 and 4.” (*Cabrera, supra*, 21 Cal.App.5th at pp. 473-474.)

“On appeal, we reversed the conviction on count 4 and ordered corrections to the abstract. (*People v. Cabrera* (Dec. 1, 2009, C058828) [nonpub. opn.].) The serious felony classifications at issue here were not challenged on appeal from the judgment of conviction.” (*Cabrera, supra*, 21 Cal.App.5th at p. 474.)

“On September 4, 2014, defendant filed a section 1170.126 petition for resentencing. . . . [T]he People argued that the original sentencing court had already found defendant’s crimes of conviction to be serious felonies and therefore defendant was

not eligible for relief, because he was serving his current term for a serious felony. (§ 1170.126, subd. (e)(1).)" (*Cabrera, supra*, 21 Cal.App.5th at p. 474.)

Petitioner "argued that the evidence did not support the sentencing court's serious felony findings (made in 2008), and the findings violated" *Apprendi*. (*Cabrera, supra*, 21 Cal.App.5th at p. 474.) Petitioner cited *People v. Taylor* (2004) 118 Cal.App.4th 11 (*Taylor*), "which held that an acquittal on a GBI allegation precluded finding that a battery with SBI conviction was a serious felony due to personal infliction of GBI." (*Cabrera, supra*, at p. 474, citing *Taylor, supra*, at p. 29.) "He asked the trial court for 'a ruling . . . that the original sentencing court committed error.' He characterized the proposed ruling as a 'proper exercise of discretion' by the trial court." (*Cabrera, supra*, at p. 474.)

"At the final hearing on the petition, the trial court noted that at the original sentencing hearing the People had cited (to the sentencing court) cases holding sections 243 (SBI) and 12022.7 (GBI) were essentially equivalent. Citing *Taylor*, the court opined that the jury's failure to return a verdict on the GBI allegations prevented it from considering the section 243 conviction as the equivalent of a GBI finding. However, the court concluded that it could not find defendant eligible for relief because the sentencing court's finding that the current crimes were serious felonies was a final judgment. Defendant timely appealed from the trial court's denial of defendant's petition for resentencing." (*Cabrera, supra*, 21 Cal.App.5th at p. 474.)

On appeal from denial of the resentencing petition, petitioner advanced the theory "that the trial court had the authority to vacate the sentencing court's findings because they resulted in an unauthorized sentence. He contend[ed] the sentencing court erred in finding that the underlying crimes of conviction—assault and battery causing SBI—were serious felonies, and consequently imposing five-year enhancements for the prior serious felony allegations found true. It follow[ed] that, due to this error, the serious felony findings on his current offenses resulted in an unauthorized sentence that the trial court

4

should have corrected and that this court is now obliged to correct. [Petitioner] conclud[ed] that upon correction of the unauthorized sentence, he is entitled to resentencing based on the trial court's more favorable findings." (*Cabrera, supra*, 21 Cal.App.5th at pp. 475-476.)

We held in *Cabrera* that jurisdiction under section 1170.126 is limited and "[r]evisiting and vacating the sentencing court's conclusion that defendant's prior convictions were serious felonies under the relevant statutory scheme is . . . beyond the scope of section 1170.126's limited grant of jurisdiction." (*Cabrera, supra*, 21 Cal.App.5th at p. 477.)

Turning to petitioner's argument that "the sentencing court's alleged error in classifying the prior convictions as serious resulted in an unauthorized sentence" (*Cabrera, supra*, 21 Cal.App.5th at p. 477), we held that "*Taylor* was limited to the particular facts of that case. [Citation.] The *Taylor* court recognized the general rule that SBI as used in section 243 is synonymous with GBI in section 12022.7. [Citations.] The jury's not true findings on the GBI allegations were key to distinguishing this general principle in *Taylor*. [Citation.] That essential fact is not present here; a failure to reach a verdict on an enhancement is not an *affirmative rejection* of the enhancement as an acquittal or finding of not true would be. [¶] This difference is grounds for distinguishing *Taylor*." (*Cabrera, supra*, at p. 478, citing our decision in *People v. Arnett* (2006) 139 Cal.App.4th 1609, 1615 (*Arnett*)["*Taylor* is readily distinguishable from the present matter. Here, the jury did *not* make a determination on the great bodily injury enhancement and defendant waived jury trial on that issue for purposes of the serious prior felony enhancement"].)[3]

---

[3] We also concluded "of greater import" is that an alleged *Apprendi* violation is subject to harmless error review and an error that can be found harmless cannot constitute an unauthorized sentence. (*Cabrera, supra*, 21 Cal.App.5th at pp. 478-479.)

5

We issued our opinion in *Cabrera* on March 19, 2018.  The next day we granted the request of appointed counsel for petitioner to expand the appointment to include assisting petitioner in preparing a petition for writ of habeas corpus.

On June 21, 2018, petitioner filed a petition for writ of habeas corpus in the trial court contending that appellate counsel's failure to assign as error that the trial court's GBI finding deprived petitioner of his right to jury trial constituted ineffective assistance of counsel.  The declaration of counsel for petitioner on his initial appeal was submitted as exhibit to the petition.

In the declaration, appellate counsel stated:  "In my handling of the appeal in No. C058828, I identified as a potential issue the question whether, in the absence of a jury finding, the sentencing court had the authority to find that Cabrera personally inflicted GBI and on that basis to impose the serious felony enhancements.  However, I cannot recall the reason why I did not argue on appeal that the court's finding and consequent imposition of the serious felony enhancements violated Cabrera's rights to trial by jury.  It appears to me now that this was an arguable issue at the time of Cabrera's initial appeal to preserve it for review by a federal petition for writ of habeas corpus.  I am unable at this point to offer a reasonable basis for my failure to challenge the sentencing court's imposition of the five-year enhancements as a product of the court's violation of Cabrera's state and federal rights to trial by jury on the GBI question."

On November 20, 2018, the trial court denied the petition, relying on our opinion in *Cabrera* that *Taylor* was distinguishable and petitioner's sentence not unauthorized.  The court found "that it is not reasonably arguable that the sentence would have been reversed or modified on appeal, had appellate counsel timely raised the issue."

On January 4, 2019, petitioner filed a petition for writ of habeas corpus in this court.  After informal briefing, we denied the petition, explaining that "[t]he jury did not acquit petitioner on the great bodily injury enhancement that was charged here.  Under the circumstances, any remedy for the issue petitioner raises, had his claim been raised in

6

a timely manner, would have been limited to allowing for a new trial to determine whether the current crime constituted a serious felony for purposes of imposing the Penal Code section 667, subdivision (a) enhancement." (*In re Cabrera* (May 30, 2019, C088611) [petn. den. by order].)

On July 10, 2019, the California Supreme Court granted review and transferred the case to this court, directing us to vacate summary denial of the petition in case No. C088611 and issue an order to show cause returnable before the trial court "why petitioner is not entitled to dismissal of the great bodily injury finding and the resulting five-year serious felony enhancement (see Pen. Code, § 667, subd. (a)(1)), based on his claim of ineffective assistance of counsel," citing *Apprendi*, *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403] (*Blakely*), and *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856] (*Cunningham*).[4] (*In re Cabrera* (July 10, 2019, S256165) review granted.)

As directed by the Supreme Court, we vacated our order denying the petition and issued an order to show cause, returnable to the trial court.

---

[4] In *Apprendi*, the court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi, supra*, 530 U.S. at p. 490.) In *Blakely*, the court applied the *Apprendi* rule and held "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' [citation], and the judge exceeds his proper authority." (*Blakely, supra*, 542 U.S. at pp. 303-304.) In *Cunningham*, the court concluded that, where a determinate sentencing scheme like California's provides for a lower, middle and upper term, and imposition of the upper term requires an aggravating circumstance determined by the sentencing court, "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." (*Cunningham, supra*, 549 U.S. at p. 288.)

On March 24, 2020, the trial court ruled that petitioner was not entitled to dismissal of the GBI finding resulting in a five-year serious felony enhancement based on the claim of ineffective assistance of counsel. The court addressed only the second prong of the test of ineffective assistance of counsel, i.e., whether there was a reasonable probability that petitioner would have obtained a more favorable result if appellate counsel had raised the issue. On that point, the trial court said it was "called upon to determine what the Court of Appeal was likely to have done if the issue had been raised." The court reasoned that "[i]n determining whether Petitioner would have obtained a more favorable result had his appellate attorney raised the issue of the trial court's great bodily injury finding and the resulting sentencing enhancement on appeal, the Court must consider whether the Court of Appeal would have followed the reasoning of *Arnett* or *Taylor*." Guided by our decision in *Cabrera*, the trial court ruled that "[t]here is a reasonable probability that had the issue been raised by appellate counsel in the initial appeal, the Court of Appeal would have followed their reasoning in the *Arnett* line of cases and found *Taylor* distinguishable . . . ."

On May 20, 2020, petitioner filed a petition for writ of habeas corpus in this court arguing that: (1) the petition was timely because of Cabrera's lack of sophistication and reliance on ineffective counsel; (2) the five-year enhancement equating SBI and GBI must be dismissed as an unauthorized sentence because it increased punishment without a jury verdict; and (3) appellate counsel's failure to assert constitutional issues on appeal constituted prejudicial ineffective assistance of counsel.[5] After informal briefing, we issued an order to show cause why the relief sought by petitioner should not be granted.

---

[5] The People concede that the petition is not untimely, given the California Supreme Court's order to this court after our decision in case No. C088611. (*In re Robbins* (1998) 18 Cal.4th 770, 814, fn. 34; *In re Ramirez* (2019) 32 Cal.App.5th 384, 406, fn. 11 ["Were there a valid procedural bar, we would have expected the California Supreme Court to deny the petition rather than issuing an order to show cause returnable before this

8

*Standard of Review*

" ' "A criminal defendant is guaranteed the right to the assistance of counsel by both the state and federal Constitutions. [Citations] 'Construed in light of its purpose, the right entitles the defendant not to some bare assistance but rather to *effective* assistance.' [Citation, italics in original.] In order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.' [Citations.] Second, he must also show prejudice flowing from counsel's performance or lack thereof. [Citation.] Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" [Citation.] The United States Supreme Court recently explained that this second prong of the *Strickland* test is not solely one of outcome determination. Instead, the question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." [Citation.] [¶] Similar concepts have been used to measure the performance of appellate counsel. [Citations.]' " (*In re Richardson* (2011) 196 Cal.App.4th 647, 657; *In re Harris* (1993) 5 Cal.4th 813, 832-833; *Strickland, supra*, 466 U.S. at pp. 687-688.)

"Appellate counsel does not provide deficient, i.e., objectively unreasonable, assistance by failing to raise every nonfrivolous claim on appeal. [Citation.] As the high court has stated: 'Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one

_____

court"].) We reject petitioner's claim that the sentencing court's determination that "there [was] great bodily injury" was an unauthorized sentence for the reasons stated above in *Cabrera, supra*, 21 Cal.App.5th at pages 477-479.

central issue if possible, or at most on a few key issues.' [Citation.] However, where appellate counsel fails to raise 'a significant and obvious issue,' the failure will generally be considered deficient performance under [*Strickland*] if the missed issue is 'clearly stronger than those presented.' [Citations.] And where 'an issue which was not raised may have resulted in a reversal of the conviction, or an order for a new trial, the failure [is] prejudicial.' [Citation.]" (*In re Hampton* (2020) 48 Cal.App.5th 463, 477-478 (*Hampton*).)

*Ineffective Assistance of Appellate Counsel*

To determine whether appellate counsel's failure to raise an *Apprendi* claim on appeal "fell below an objective standard of reasonableness, and if so, whether the failure resulted in prejudice, we must assess the merits of the claim." (*Hampton, supra*, 48 Cal.App.5th at p. 478.)

Petitioner does not dispute that the jury found he committed SBI in its guilty verdict on the charge of battery with SBI, section 243, subdivision (d). His claim concerns the sentencing court's determination that the jury's SBI finding was equivalent to a GBI finding, which petitioner deems a "legal fiction."

In *People v. Johnson* (2016) 244 Cal.App.4th 384 (*Johnson*), the court identified more than a dozen appellate decisions besides *Arnett* going back more than 35 years in which California courts "long held that 'serious bodily injury,' as used in section 243, and 'great bodily injury,' as used in section 12022.7, are essentially equivalent." (*Johnson, supra*, 244 Cal.App.4th at p. 391; see, e.g., *People v. Burroughs* (1984) 35 Cal.3d 824, 831, overruled on another ground in *People v. Blakely* (2000) 23 Cal.4th 82, 89; *People v. Hawkins* (1993) 15 Cal.App.4th 1373, 1375-1376.)

In *Arnett*, we distinguished "the narrow ruling of *Taylor*" as limited to circumstances where the jury found GBI enhancements not true. (*Arnett, supra*, 139 Cal.App.4th at p. 1615.) We noted that *Taylor* acknowledged " '[i]n the absence of any contrary indication in the record, the trial court . . . [i]s justified in applying the usual

10

assumption that "great bodily injury" and "serious bodily injury" are "essentially equivalent." ' " (*Arnett, supra*, at p. 1615, quoting *Taylor, supra*, 118 Cal.App.4th at p. 26.)

We conclude once more that *Taylor* does not extend beyond the circumstance of a jury determination contrary to a finding of GBI. There was no such determination in this case. Rather, the jury could not reach unanimity on section 12022.7 and thus the jury's verdict that petitioner committed battery with SBI was not contradicted. The "usual assumption" that an SBI finding is equivalent to a GBI finding applies. (See *Johnson, supra*, 244 Cal.App.4th at pp. 395-396 [concluding that "the present case is more similar to *Arnett* than to *Taylor*," because the jury never reached GBI allegations but found defendant inflicted SBI].)[6]

To the extent petitioner suggests that the trial court engaged in factfinding in making the determination that section 667, subdivision (a)(1), applied, the record is to the contrary. At the sentencing hearing, the prosecutor cited *Burroughs* and *Hawkins* as holding that SBI is equivalent to GBI and battery with SBI is GBI. Defense counsel countered that "[t]he jury rejected the G.B.I. allegation" and petitioner "is entitled to a

---

[6] In *Ramirez v. Lizarraga* (E.D.Cal., Dec. 13, 2018, No. 2:16-cv-02287-JKS) 2018 U.S.Dist. Lexis 210577, the federal court rejected a habeas petitioner's *Apprendi* claim that "the trial court improperly imposed a 5-year enhancement because the jury found he had inflicted 'serious bodily injury' rather than 'great bodily injury.' " (*Id.* at p. *6.) The court said that *Taylor* cited by defendant "is an aberration. It, too, accepts the fundamental proposition that a jury finding of serious bodily injury is equivalent to a finding of great bodily injury. [Citation.] The unique problem in *Taylor*, however, was that the jury found the defendant had inflicted serious bodily injury but also found, for enhancement purposes based on the same conduct, he had not inflicted great bodily injury. Faced with an express jury finding the defendant had not inflicted great bodily injury, instructions that provided different definitions for serious and great bodily injury, and the arguments of counsel distinguishing the two, the court held the imposition of the enhancement violated the defendant's right to a jury trial. [Citation.]" (*Id.* at pp. *17-*18.)

jury finding on anything that would have the effect of making his punishment more severe," therefore the court cannot "essentially override that determination in making a finding of its own that Mr. Cabrera inflicted G.B.I." We noted in *Cabrera* that the sentencing court determined that " 'there [was] great bodily injury' but did not elaborate further on the basis or rationale for that decision." (*Cabrera, supra*, 21 Cal.App.5th at p. 474.) Subsequently, as the People point out, the court clarified that "going back for a minute to whether or not the current crimes are serious felonies, I think the cases cited by [the prosecutor], the Burroughs case, 35 Cal.3d 824, and the Hawkins case, 15 Cal.App.4th 1373, are applicable." The record thus indicates that the trial court simply applied the principle stated in these cases (and many others) that SBI is equivalent to GBI and did not make a GBI finding, as defense counsel contended.

Given established law on the equivalence between SBI and GBI, including this court's decision in *Arnett*, appellate counsel's performance cannot be deemed deficient for failure to raise an *Apprendi* claim with little chance of success. To be sure, the issue was " 'significant and obvious' " in light of the debate described at the sentencing hearing, but not " 'clearly stronger than those presented' " on appeal (*Hampton, supra*, 48 Cal.App.5th at p. 477), including the challenge to petitioner's gang participation conviction in count 4 (§ 186.22, subd. (a)), which we reversed on the initial appeal. (*Cabrera, supra*, 21 Cal.App.5th at p. 474.)

On the other hand, appellate counsel's declaration that he had identified the potential *Apprendi* issue, cannot recall the reason he did not argue it on appeal, and is unable to offer a "reasonable basis" for this failure is tantamount to an admission of deficient performance. (See *In re Hernandez* (2006) 143 Cal.App.4th 459, 470 [defendant's trial counsel admitted ineffective assistance of counsel in declaration submitted with habeas petition that there was no tactical reason for failing to object on Fifth Amendment grounds to inadmissible testimony of defendant's statements to experts appointed to determine defendant's competence to stand trial].)

12

Accordingly, we consider whether petitioner was prejudiced by appellate counsel's deficient performance. "A defendant claiming ineffective assistance of counsel under the federal or state constitution must show both deficient performance under an objective standard of professional reasonableness and prejudice under a test of reasonable probability of a different outcome. [Citation.]" (*People v. Osband* (1996) 13 Cal.4th 622, 664.) This standard is applied to representation on appeal. (*Ibid.*; see also *In re Reno* (2012) 55 Cal.4th 428, 488.) "The defendant need not show that he or she was entitled to reversal, but must show only that inexcusable failure of appellate counsel to raise crucial assignments of error that arguably might have resulted in reversal." (5 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Trial § 271, p. 452, citing *In re Smith* (1970) 3 Cal.3d 192, 202.)

We conclude that petitioner has failed to show prejudice in the form of a reasonable probability of a different outcome had appellate counsel raised an *Apprendi* issue. As in *Cabrera*, on our order to show cause in the trial court, and on the current habeas petition, petitioner would be compelled to rely on *Taylor* whose application we concluded in *Arnett* is limited to its particular facts, which are not present here. We would have determined as we did in *Cabrera,* and the court did in *Johnson*, that "[t]he present case is more similar to *Arnett* than to *Taylor*." (*Johnson, supra*, 244 Cal.App.4th at p. 395.)

13

## DISPOSITION

The order to show cause is discharged and the petition for writ of habeas corpus is denied.

         /s/
RAYE, P. J.

We concur:

      /s/
HULL, J.

      /s/
MAURO, J.