Filed 6/14/22  P. v. Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ADRIAN DAVID JOHNSON,<br><br>    Defendant and Appellant. | F083702<br><br>(Fresno Super. Ct. No. CF99629214)<br><br>**OPINION** |

-----

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

-----

[*] Before Poochigian, Acting P. J., Detjen, J. and Peña, J.

## INTRODUCTION

Appellant and defendant Adrian David Johnson was convicted of violating Penal Code[1] section 243, subdivisions (c) and (d) with two prior strike convictions and sentenced to a third strike term of 25 years to life in 1999. In 2021, the trial court denied appellant's petition for resentencing under Proposition 47. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTS[2]

" 'On September 4, 1998, two paramedics, a male and a female, were dispatched to assist [appellant's] ostensible girlfriend who was complaining of abdominal pain. Apparently displeased with the speed and manner of the paramedics' treatment, [appellant] followed them to their vehicle and severely beat them. The male suffered a facial fracture, trauma to the eye, resulting in vision problems, chipped teeth, and nerve damage to three teeth. The female was knocked unconscious and suffered residual brain and neurological damage, including optical migraines and problems with vertigo.' " (*People v. Johnson, supra,* 244 Cal.App.4th at p. 387, fn. omitted.)

## PROCEDURAL BACKGROUND

On April 1, 1999, an information was filed in the Superior Court of Fresno County charging appellant with counts 1 and 2, willfully and unlawfully using force and violence resulting in the infliction of serious bodily injury (§ 243, subd. (d)), with special allegations that he personally inflicted great bodily injury on a person other than an accomplice (§§ 667, 1192.7); counts 3 and 4, assault by means of force likely to produce

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.
[2] The factual and procedural backgrounds are from this court's prior nonpublished opinion in appellant's direct appeal in *People v. Johnson* (Jan. 9, 2002, F034615) and his appeal from the denial of his Proposition 36 petition for resentencing in *People v. Johnson* (2016) 244 Cal.App.4th 384.

great bodily injury (§ 245, subd. (a)(1)); and counts 5 and 6, willfully and unlawfully using force and violence and inflicting injury upon persons appellant knew, or reasonably should have known, were emergency medical technicians (§ 243, subd. (c)), with two prior strike convictions.

On November 2, 1999, after a jury trial, appellant was convicted of counts 1 and 2, and counts 5 and 6, and the serious bodily injury allegation was found true. He was acquitted of counts 3 and 4. The court found the prior strike convictions true. (*People v. Johnson*, *supra*, F034615; *People v. Johnson, supra,* 244 Cal.App.4th at p. 388.)

On December 10, 1999, Judge Frank Creede sentenced appellant to two concurrent third strike terms of 25 years to life for counts 1 and 2 and stayed the indeterminate third strike terms imposed for counts 5 and 6.

**Direct Appeal**

In his direct appeal, appellant challenged the trial court's findings "that his two prior juvenile adjudications for discharging a firearm into an inhabited building (§ 246), and assault with a deadly weapon and/or by means likely to cause great bodily injury (§ 245, subd. (1)(a)), constituted serious and/or violent felony convictions within the meaning of the three strikes law." This court rejected his arguments and affirmed the judgment. (*People v. Johnson*, *supra*, F034615.)

<strong><u>PROPOSITION 36</u></strong>

The Three Strikes Reform Act of 2012 (hereinafter sometimes referred to as Proposition 36) "reduced the punishment to be imposed with respect to some third strike offenses that are neither serious nor violent, and provided for discretionary resentencing in some cases in which third strike sentences were imposed with respect to felonies that are neither serious nor violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 679.) "[T]he Act provides a procedure [section 1170.126] by which some prisoners already serving third strike sentences may seek resentencing in accordance with the new sentencing rules." (*Id.* at p. 682.)

**Appellant's Petition**

"On February 19, 2013, [appellant] filed a petition for recall of sentence pursuant to section 1170.126. He attached a copy of the abstract of judgment showing his current convictions, and asserted he met the eligibility requirements contained in section 1170.126, subdivision (e)." (*People v. Johnson, supra,* 244 Cal.App.4th at p. 388.)

"On March 8, 2013, the trial court summarily denied the petition finding [appellant] ineligible for resentencing because his current convictions for violating section 243, subdivision (d) constituted serious felonies." (*People v. Johnson, supra,* 244 Cal.App.4th at p. 388, fn. omitted.)

**Appeal**

Appellant filed an appeal from Judge Conklin's order that denied his section 1170.126 petition. In 2016, this court affirmed the order:

> "We hold that, for purposes of determining whether an inmate is ineligible for resentencing under section 1170.126, subdivision (e)(1), 'serious bodily injury,' as that term is used in section 243, subdivision (d) and defined in section 243, subdivision (f)(4), is the equivalent of 'great bodily injury,' as that phrase is used in section 1192.7, subdivision (c)(8). Accordingly, a person serving an indeterminate life term as a third strike offender for a violation of section 243, subdivision (d), when he or she personally inflicted serious bodily injury, is ineligible for resentencing under section 1170.126. The trial court reached the same conclusion in denying the petition for recall of sentence filed by [appellant]." (*People v. Johnson, supra,* 244 Cal.App.4th at p. 387.)

## **PROPOSITION 47**

Proposition 47 was approved in November 2014, and "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 "also added … section 1170.18, which permits those previously convicted of felony offenses that Proposition 47

4.

reduced to misdemeanors to petition to have such felony convictions resentenced or redesignated as misdemeanors." (*People v. Buycks* (2018) 5 Cal.5th 857, 870–871, fn. omitted.)

"The ultimate burden of proving section 1170.18 eligibility lies with the petitioner." (*People v. Romanowski* (2017) 2 Cal.5th 903, 916.) In reviewing a section 1170.18 petition, "the court has no obligation to hold an evidentiary hearing where the petitioner's eligibility or ineligibility for relief is evident as a matter of law." (*People v. Simms* (2018) 23 Cal.App.5th 987, 993.) "In many cases, the threshold issue of eligibility for relief … may be determined as a matter of law from the uncontested allegations of the petition or from the record of conviction." (*Ibid*.)

**Appellant's Petition**

On September 17, 2021, appellant filed a petition under Proposition 47 for a reduction of his felony convictions and third strike sentence and asserted his convictions would now be considered misdemeanors as a result of the initiative's amendments.

On November 19, 2021, Judge Conklin filed an order that denied appellant's petition because he was ineligible for relief under section 1170.18 based on his convictions for violating section 243.

On December 21, 2021, appellant filed a notice of appeal from the court's denial of his Proposition 47 petition.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on February 28, 2022, we invited appellant to submit additional briefing. He has failed to do so.

5.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.[3]

## **DISPOSITION**

The judgment is affirmed.

---

[3] Appellant's convictions in counts 1 and 2 for violating section 243, subdivision (d), and in counts 5 and 6 for violating section 243, subdivision (c), are for offenses that do not fall within the purview of Proposition 47. (§ 1170.18, subd. (a).)